UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JACQUELINE ROCHELLE JUNIOR                                                    Plaintiff

v.                                                                                  Civil Action No. 3:23-CV-85-RGJ

USPS, LYNDON BRANCH                                                            Defendant

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Jacqueline Rochelle Junior's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss Plaintiff's claims.

### I.

On February 23, 2023, Plaintiff initiated this *pro se* action. [DE 1]. On July 17, 2023, Plaintiff filed additional documents related to her claims. [DE 7]. Plaintiff sues the United States Postal Service Lyndon Branch, Station Manager Tracey Seymour, and Station Manager Barney. Plaintiff alleges that she was injured on the job on April 1, 2004, and was released "back to work one handed duty." [DE 1 at 5]. Plaintiff maintains that she "was refused work for three years and my WComp papers was never followed." [*Id.*]. Plaintiff contends that after "returning without pay one year later I was illegally retired" in August of 2008. [*Id.* at 4]. The Court interprets Plaintiff's claims as alleging violations of the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 701, *et seq.*, and the Rehabilitation Act of 1973, 42 U.S.C. § 12101, *et seq.*

### II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Claims under the ADA and Rehabilitation Act are governed by a one-year statute of limitations. *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 253–54 (6th Cir. 1994); *Williamson v. Univ. of Louisville*, No. 3:20-CV-266-DJH, 2021 WL 7286326, at *2 (W.D. Ky. May 27, 2021); *Douglas v. Greenup Cnty., KY*, No. CV 0:19-114-DCR, 2019 WL 6794185, at *4 (E.D. Ky. Dec. 12, 2019); *Phillips v. Ballard*, No. 5:17-CV-301-REW, 2019 WL 2359571, at *8 (E.D. Ky. June 4, 2019); *Alja-Iz v. Ramsey*, No. 3:14-CV-618-DJH, 2017 WL 6485803, at *7 (W.D. Ky. Sept. 13, 2017). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[,] and . . . a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990) (internal quotation marks and citation omitted). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Jones*, 549 U.S. at 215; *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002).

Here, Plaintiff states on the face of her complaint that her work injury occurred in 2004, that she returned to work after three years and was required to carry a full load for a period of time, and that she was "illegally retired" in August 2008. Thus, any alleged discriminatory conduct by Defendants occurred no later than 2008. It is clear that Plaintiff knew of her "illegal retirement" or alleged discriminatory conduct more than one year before the complaint was filed on February 23, 2023. Consequently, Plaintiff's ADA and Rehabilitation Act claims are time-barred by the statute of limitations and must be dismissed as frivolous.

## IV.

For these reasons, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
A961.014